## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------  x

TODD BENNETT, on behalf of              :
himself and similarly situated          :
employees,                              :
                                        :
      Plaintiff,                        :
                                        :     Civil Action No. 1:15-273
                                        :
v.                                      :
                                        :     Filed Electronically
SILVER CREEK SERVICES, INC.,            :
                                        :
      Defendant.                        :
                                        :
                                        :
                                        :
                                        :
------------------------------------------------  x
```

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Settlement," "Agreement," or "Settlement Agreement") is entered into between Plaintiffs, Todd Bennett, Robert Brown, Jonathon Butler, Jeremy Keen and Felix Alvarado, and Defendant, Silver Creek Services, Inc., subject to the approval of the Court.

### RECITALS

1.      Plaintiff Todd Bennett filed a complaint against Defendant Silver Creek Services, Inc., in the United States District Court for the Western District of Pennsylvania on November 12, 2015, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. § 333.104(c), based on Defendant's alleged failure to pay overtime pay to its field workers for hours that they worked in excess of 40 per workweek.  The complaint was styled as an FLSA collective action and a PMWA class action. Defendant answered the complaint on January 5, 2016, denying liability and asserting affirmative defenses.

2.      On April 21, 2016, the Parties to this action participated in a mediation conducted by Kenneth Benson, an experienced FLSA mediator registered with this Court.  During the mediation session, the Parties discussed damages estimates that each party had prepared.  Over the course of over eight hours, the Parties negotiated the terms of settlement.

3.      As a result of the mediation conducted by Kenneth Benson on April 21, 2016, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement, subject to and conditioned on Court approval.

4.      Plaintiffs and their counsel have performed a thorough and independent investigation of the facts and law related to the allegations in the class-action complaint.  In agreeing to this Settlement Agreement, Plaintiffs have considered: (a) the facts developed before and during the April 21, 2016, mediation session; (b) the risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement.  Plaintiffs have concluded that the terms of this settlement are fair, reasonable, and adequate and that it is in the best interests of Plaintiffs and the Settlement Class to settle their claims against Defendant pursuant to the terms set forth below.

5.      Defendant denies the allegations in the complaint and disclaims any liability with respect to the claims alleged in the complaint.  Defendant, denying liability, enters into this Settlement Agreement because it will eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant of any fault, liability, or wrongdoing.

6.      As a negotiated compromise, and in consideration of and in reliance upon the definitions, recitals, promises, covenants, understandings, and obligations set forth in this Settlement Agreement, the Parties STIPULATE AND AGREE as follows, subject to the final approval of the Court and the other conditions set forth herein:

## DEFINITIONS

7.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means *Bennett et al. v. Silver Creek Services, Inc.,* Civil Action No. 1:15-273 (W.D. Pa.).

b.      "CAFA Notice" means the notice to be sent by Defendant to the appropriate federal and state officials in accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

c.      "Class Counsel" means The Employment Rights Group.

d.      "Court" means the United States District Court for the Western District of Pennsylvania.

e.      "Defendant" means Silver Creek Services, Inc.

f.      "Defendant's Counsel" means Clark Hill PLC.

g.      "Effective Date" means (i) the first business day after the Court's Final Approval Order if no one objects to the Settlement in accordance with Paragraphs 23-25 below, or

(ii) if any person objects to the settlement in accordance with Paragraphs 23-25 below the first business day after the appeal period on the Court's Final Approval Order expires, or the first business day after the Order is finally affirmed on appeal and is no longer eligible for appeal or certiorari.

h.      "Eligible Class Members" means all of the Settlement Class Members who do not timely opt out of the Settlement Class in accordance with Paragraphs 23-25 below.

i.      "Exclusion Form" means the exclusion request form substantially in the form of Exhibit 2 attached hereto or as approved by the Court.

j.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement.

k.      "Final Approval Order" means the order memorializing the Court's final approval of the Settlement, to be issued by the Court following the Final Approval Hearing.

l.      "FLSA Limitations Period" means the time period that begins on May 1, 2014 (the date Defendant commenced operations), which is within the limitations period established in 29 U.S.C. §201 et seq.

m.      "Gross Settlement Amount" means the maximum amount Defendant shall pay in exchange for the release of all Released Claims by Plaintiffs and the Settlement Class, which is the gross sum of Two Hundred Twenty-Five Thousand Dollars ($225,000.00).

n.      "Net Settlement Amount" means the Gross Settlement Amount less: (i) up to $12,500 to Plaintiffs for their efforts in bringing and prosecuting this Action and for their release of additional claims against Defendant as set forth in Paragraph 10 below; and (ii) the payment of attorneys' fees and costs to Class Counsel, not to exceed $61,000. The Net Settlement Amount shall be $151,500. The Parties acknowledge that these amounts are subject to the Court's approval.

o.      "Notice Deadline" means the date thirty (30) days after the Settlement Notice and Exclusion Form are initially mailed to the Settlement Class. Settlement Class Members shall have until the Notice Deadline to submit their Exclusion Forms or object to the Settlement.

p.      "Parties" means Plaintiffs and Defendant.

q.      "Plaintiffs" means Todd Bennett, Robert Brown, Jonathon Butler, Jeremy Keen and Felix Alvarado.

r.      "PMWA Limitations Period" means the time period that begins on May 1, 2014 (the date Defendant commenced operations), which is within the limitations period established in 43 P.S. §333.101 et seq.

s.      "Preliminary Approval Order" means the order memorializing the Court's preliminary approval of the Settlement, to be issued by the Court after the Agreement is submitted for Court approval but before the Final Approval Hearing.

t.       "Putative Class Members" means all persons who worked for Defendant as a field worker at any time between May 1, 2014 and June 30, 2015.

u.       "Releasees" means Defendant and its past, present, and future parent companies, subsidiaries, affiliates (including but not limited to Silver Line Logistics, Inc.), divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

v.       "Settlement Administrator" means Class Counsel, subject to the approval of the Court.

w.       "Settlement Award" means the payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of this Agreement.

x.       "Settlement Class" or "Settlement Class Member" means all persons who (i) opted into this conditionally certified collective action through the mechanism established in 29 U.S.C. § 216(b) or (ii) who worked for Defendant as a field worker at any time between May 1, 2014, and June 30, 2015, who does not exclude himself from this settlement.

y.       "Settlement Notice" means the notice to the Settlement Class substantially in the form of Exhibit 1 attached hereto or as approved by the Court.

## CLASS CERTIFICATION

8.       For settlement purposes only, the Parties stipulate to the certification by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure of the Settlement Class as defined above. A list of all individuals who are believed to be eligible to receive compensation under this Agreement is attached as Exhibit 3. If the Settlement is not approved, Defendant's stipulation to the certification of the Rule 23 Class shall be null and void and may not be used, introduced, or relied upon by Plaintiffs, Class Counsel, or any Putative Class Member for any purpose whatsoever in this Action or any other judicial, administrative, or arbitral proceeding.

## RELEASES

9.       **Eligible Class Members**.  In consideration of the benefits to be received by the Eligible Class Members under the terms of this Agreement, each Eligible Class Member, upon the Effective Date, shall be deemed to have released and forever discharged Releasees from any and all claims, obligations, causes of action, and liabilities that were asserted or could have been asserted against Releasees in the Action based on Defendant's alleged non-payment of overtime wages through the date of final Court approval of the Settlement.

10.       **Plaintiffs Bennett and Alvarado**.  In consideration of the benefits to be received by Plaintiffs under the terms of this Agreement, Plaintiffs Bennett and Alvarado, upon the Effective Date, shall be deemed to have released and forever discharged Releasees from: any and all claims, obligations, demands, actions, rights, causes of action, and liabilities of whatever nature that may have accrued as of the date on which Plaintiffs sign this Agreement, including but not limited to any claim for costs, fees, interest, or other expenses incurred in this matter; any and all

4

claims for bonuses, commissions, or incentive compensation of any type, whether under common law or policy or contract; any and all claims that were asserted or could have been asserted in the Action; any and all claims for breach of contract or violation of tort laws; any and all claims arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, or infliction of emotional distress; any and all claims arising under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Genetic Information Nondiscrimination Act of 2008; the Employee Retirement Income Security Act of 1974 (except for any vested benefits under any tax qualified benefit plan); the Civil Rights Act of 1991; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act; the Equal Pay Act; the Sarbanes Oxley Act; the Dodd-Frank Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law; and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations; or any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract, contract or tort laws, or any claim arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Releasees, based upon any conduct occurring through the date Bennett and Alvarado sign this Agreement.

## PRELIMINARY APPROVAL

11.     Plaintiffs shall file an Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, requesting that the Court preliminarily approve the Settlement, certify the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, and set a date for the Final Approval Hearing.

## CAFA NOTICE

12.     Defendant shall mail the CAFA Notice to the appropriate governmental authorities within ten (10) business days after the submission of this Agreement to the Court.

## SETTLEMENT NOTICE

13.     The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice and Exclusion Form to all Putative Class Members.

14.     Within five (5) business days after the Court's Preliminary Approval Order, Defendant's Counsel shall provide Class Counsel and the Settlement Administrator with a computer-readable spreadsheet containing the names, last known residential addresses, last known telephone numbers, and last known email addresses of each Putative Class Member.  In order to

provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice and Exclusion Form, will run the list of Putative Class Members through the U.S. Postal Service's National Change of Address database.

15.     Within five (5) business days after receiving the contact information for the Putative Class, the Settlement Administrator shall mail and email an agreed-upon and Court-approved Settlement Notice and Exclusion Form to the Putative Class.

16.     Fifteen (15) calendar days after that initial mailing, the Settlement Administrator shall make a duplicate mailing and email to any Putative Class Members who have not yet returned an Exclusion Form.

17.     Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within three (3) business days following receipt of the returned mail.  If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts (such as skip traces) to search for the correct address and shall promptly re-mail the Settlement Notice and Exclusion Form to any newly found addresses.

18.     Defendant may communicate about the Settlement with current employees who are Putative Class Members for the sole purpose of encouraging them to participate in the Settlement, consistent with the terms and provisions of this Settlement Agreement.  Defendant will not take any adverse action against any individual because he or she is eligible to participate or does participate in the Settlement.

19.     To be timely, all Exclusion Forms must be postmarked by the Notice Deadline. The parties, by way of written mutual agreement, may waive this time limitation on a case-by-case basis.

**OBJECTIONS**

20.     Putative Class Members who wish to object to the Settlement must file with the Court, on or before the Notice Deadline, a written notice of objection signed personally by the Putative Class Member.  The notice of objection must state the objector's name, home address, and telephone number; the factual and legal grounds for the objection; and whether the objector intends to appear at the Final Approval Hearing.  The objecting Class Member also must serve a copy of the notice of objection on Class Counsel and Defendant's Counsel by the Notice Deadline.

21.     The date of filing with the Court and the postmark date of service to Class Counsel and Defendant's Counsel shall be deemed the exclusive means for determining whether the notice of objection is timely.  Putative Class Members who fail to make objections in the manner specified above, as set forth in the Court-approved Notice, shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Putative Class Members who file and serve timely notices of objection shall have the right to appear at the Final Approval Hearing to have their objections heard by the Court.

22.     No person who opts out of the Settlement in accordance with Paragraphs 23-25 below shall have the right to object to the Settlement.

## EXCLUSIONS

23.     Putative Class Members who wish to exclude themselves from (or "opt out" of) the Settlement must mail to the Settlement Administrator a completed Exclusion Form indicating that they do not wish to participate in or be bound by the Settlement.  Any Putative Class Member who submits a timely Exclusion Form will not be bound by or subject to this Settlement Agreement.

24.     To be timely, the Exclusion Form must be postmarked on or before the Notice Deadline, except that the Parties, by way of mutual agreement, may waive this time limitation on a case-by-case basis.  No opt-out request may be made on behalf of a group.

25.     The Settlement Administrator shall provide copies of any completed Exclusion Forms to the Parties' counsel on a weekly basis.

## FINAL APPROVAL HEARING

26.     Class Counsel shall ask the Court to schedule a Final Approval Hearing to determine whether to finally approve the settlement and enter a Final Approval Order:

a.     certifying this Action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     finally approving the Settlement and its terms as a fair, reasonable, and adequate settlement of this Action;

c.     directing that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement; and

d.     directing the Parties to dismiss the Action with prejudice once the settlement funds have been distributed in accordance with this Agreement and the Court's Final Approval Order.

## PAYMENTS AND AWARD CALCULATION

27.     Defendant shall pay Defendant's share of the fees and costs incurred by Kenneth Benson, the Court-appointed mediator, in connection with the mediation conducted on April 21, 2016.  This amount shall not be deducted from the Gross Settlement Amount.

28.     Class Counsel shall pay all fees and costs incurred by their office in acting as the Settlement Administrator.  Defendant is not obligated to pay or reimburse Class Counsel for those fees and costs, and this amount shall not be deducted from the Gross Settlement Amount.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to minimize the costs incurred in the administration of the Settlement.

29.     **Settlement Award Eligibility**.  All Eligible Class Members shall be paid a Settlement Award from the Net Settlement Amount.  The formulas and nature of their awards are described separately below.  Class Counsel shall be responsible for determining eligibility for, and

the amount of, the Settlement Awards to be paid to Eligible Class Members based on the following procedure:

        a.      **Eligible Class Members Who Worked For Defendant During a Defined Period.** Each Eligible Class Member who worked for Defendant between May 1, 2014, and June 30, 2015, and who did not exclude themselves shall receive a Settlement Award that is calculated as follows:

        i.    Using payroll records and other information provided by Defendant, Class Counsel shall determine the specific workweeks in each Putative Class Member's FLSA and PMWA Limitations Period (which are co-extensive).

        ii.    The total number of workweeks during the Putative Class Member's Limitations Period shall be multiplied by 0.7, which represents the percentage of workweeks during which the Putative Class Member is presumed to have worked overtime hours. The resulting number is the Putative Class Member's "FLSA/PMWA OT Workweeks." Each Putative Class Member shall receive one (1) settlement share for each FLSA/PMWA OT Workweek.

        iii.    The Net Settlement Amount will then be divided by the total number of shares allocated to each Putative Class Member to derive a single settlement share value.

        iv.    To determine the "Gross Settlement Award" to be made to each Eligible Class Member (i.e. – each Putative Class Member who has not opted out of the settlement), Class Counsel shall multiply the Eligible Class Member's total number of settlement shares by $543.79 (the value of each settlement share).

        v.    In accordance with Paragraph 32(a) of this Agreement, tax withholdings shall be made from 50% of the Gross Settlement Amount for each Eligible Class Member.

        b.      Class Counsel will provide the Settlement Administrator and Defendant's Counsel with a computer-readable spreadsheet reflecting the amount of the Settlement Award of each Putative Class Member within five (5) business days of the Preliminary Approval Order.

        c.      Only Eligible Class Members will receive a Settlement Award; Putative Class Members who exclude themselves from the settlement in accordance with Paragraphs 23-25 will not receive a Settlement Award.

        d.      If any Putative Class Members exclude themselves from the Settlement in accordance with Paragraphs 23-25, the Settlement Awards of those Putative Class Members will revert to Defendant.

30.     **Settlement Fund**.  Within two weeks after the entry of the Preliminary Approval Order, Defendant shall wire the Gross Settlement Amount, less the tax withholdings described in Paragraph 32(a) of this Agreement, into an escrow account (non-interest bearing) held by Defendant's counsel.

31.     Subject to the Court's Final Approval Order, the Defendant shall make the following payments from the Escrow Account:

      a.   **Service Award**.  Subject to the Court's approval, Plaintiff Todd Bennett shall receive a service award in the amount of $10,000, and Plaintiff Felix Alvarado shall receive a service award in the amount of $2,500.  These service awards shall compensate Plaintiffs for their efforts in bringing and prosecuting this Action, preparing declarations in support of Plaintiffs' Motion for Conditional Certification and to Facilitate Notice, preparing for and participating in the mediation, and other time-consuming activities undertaken on behalf of the Putative Class Members.  The service awards also compensate Plaintiffs for the general release of claims set forth in Paragraph 10.  These payments are in addition to Plaintiffs' individual Settlement Awards.  Defendant shall distribute checks constituting any Court-approved service awards to Plaintiffs within five (5) business days of the Effective Date.  Defendant will issue an IRS Form 1099 to each Plaintiff reflecting the service award.   Plaintiffs shall be solely responsible for paying all applicable taxes on the service award.

      b.   **Attorneys' Fees and Costs**.  Subject to the Court's approval, Class Counsel shall receive an award of attorneys' fees and costs in the amount of $61,000. The award of attorneys' fees will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, administering and implementing the Settlement, and dismissing the Action. Within five (5) business days of the Effective Date, the Defendant shall deliver a check to Class Counsel, drawn on the escrow account held by Defendant's counsel, for the full amount of the fees and costs approved by the Court.  The Settlement Administrator will issue an IRS Form 1099 to Class Counsel reflecting the award of fees and costs.  Class Counsel shall be solely responsible for paying all applicable taxes on the payment made to Class Counsel.

      c.   **Settlement Awards**.  Defendant shall mail all Settlement Awards (drawn on the escrow account held by Defendant's counsel) to Eligible Class Members to Class Counsel for distribution within five (5) business days of the Effective Date.  Class Counsel shall then provide a written certification of such payments to Defendant's Counsel.

32.     **Tax Treatment**.  Defendant shall use the following procedures for purposes of withholding taxes and other amounts from the Settlement Awards:

   a.  With respect to each Eligible Class Member, fifty percent (50%) of the Eligible Class Member's Settlement Award shall be treated as back wages, and fifty percent (50%) of the Eligible Class Member's Settlement Award shall be treated as liquidated damages under the Fair Labor Standards Act. The Settlement Administrator shall not withhold any taxes or other withholdings from the portion of the Settlement Award attributable to liquidated damages, and the Eligible Class Member shall be solely responsible for the payment of all applicable federal, state, and local taxes with respect to the portion of the Settlement Award attributable to liquidated damages. Defendant will issue an IRS Form 1099 to each Eligible Class Member reflecting the sum treated as liquidated damages. With respect to the portion of the Settlement Award attributable to back wages, Defendant shall effectuate withholding of appropriate federal, state, and local taxes, including the Eligible Class Member's share of applicable FICA taxes. Defendant shall be responsible for remitting all withheld taxes to the appropriate governmental authorities. Defendant shall not withhold the employer's share of applicable FICA and FUTA taxes, and Defendant shall be solely responsible for paying those amounts to the appropriate governmental authorities. Defendant will issue an IRS Form W-2 and analogous state tax forms to each Eligible Class Member, reflecting the award of back wages.

33.    All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and will thereafter be automatically canceled if not cashed within that timeframe, at which time the right to recover any Settlement Award will be waived and deemed void. Each settlement check issued by the Defendant will state, in conspicuous writing on the front of the check, that the check is void if it is not cashed within 180 days. All funds from uncashed settlement checks shall revert to the Escrow Account identified in Paragraph 10. At the conclusion of the 180-day check void period, any amount that remains in the Escrow Account shall revert to Defendant.

## MISCELLANEOUS

34.    **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant of any fault, liability or wrongdoing.

35.    **Defendant's Legal Fees.** Defendant's legal fees and expenses in this Action shall be borne by Defendant.

36.    **Nullification of the Settlement Agreement.** In the event (a) the Court does not preliminarily or finally approve the Settlement as provided herein, or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow-up negotiations with the intent of resolving whatever concerns precluded the Court's approval, and if feasible, to resubmit the settlement for approval within thirty days. In the event that ten (10) or more Putative Class Members exclude themselves from the Settlement, Defendant shall have the option to withdraw from this Settlement or negotiate new terms with Class Counsel. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void

this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement, and this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

37.    **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Action, enforcing the terms of this Agreement, resolving an alleged breach of the Agreement, or resolving tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication, or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

38.    **Computation of Time.**  For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

39.    **Interim Stay of Proceedings.**  The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

40.    **Amendment or Modification.**  This Agreement may be amended or modified only by a written instrument signed by all Parties as well as Class Counsel and Defendant's Counsel.

41.    **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this document.    All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  The Parties acknowledge that they have not relied on any promise, representation, or warranty, express or implied, not contained in this Agreement.

42.    **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Kenneth Benson, or the Court to resolve such disagreement.

43.    **Binding on Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of Plaintiffs, Defendant, the Settlement Class Members, and their heirs,

beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate, or reorganize.

44.     **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

45.     **No Signature Required by Eligible Class Members.**  Only the Parties and their attorneys will be required to execute this Settlement Agreement; Putative Class Members will not be required to sign this Agreement but nevertheless will be bound by its terms unless they exclude themselves in accordance with Paragraphs 23-25 above.  The Settlement Notice will advise all Putative Class Members of the binding nature of the release, which shall have the same force and effect as if this Settlement Agreement were executed by each Eligible Class Member.

46.     **Cooperation and Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

47.     **Governing Law.**  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

48.     **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

DocuSign Envelope ID: 34E6A9E3-ACB8-463B-AF9C-D5F2F3A614CE

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

DocuSigned by:

C693743F19554B1

Todd Bennett

Date: June ___, 2016

(handwritten: 15)

Felix Alvarado

Date: June ___, 2016

**DEFENDANT:**

SILVER CREEK SERVICES, INC.

Date: June ___, 2016

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Joseph H. Chivers, Esq.
THE EMPLOYMENT RIGHTS GROUP
100 First Ave., Suite 650
Pittsburgh, PA 15222
(412) 227-0763

Date: June ___, 2016

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

Kurt A. Miller, Esq.
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
(412) 394-2363

Date: June ___, 2016

13

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**  _____     Date: June ___, 2016
                 Todd Bennett

                 _____     Date: June 16 , 2016
                 Felix Alvarado

**DEFENDANT:**   _____     Date: June ___, 2016
                 SILVER CREEK SERVICES, INC.

**APPROVED AS TO FORM BY CLASS COUNSEL:**

                 _____     Date: June ___, 2016
                 Joseph H. Chivers, Esq.
                 THE EMPLOYMENT RIGHTS GROUP
                 100 First Ave., Suite 650
                 Pittsburgh, PA 15222
                 (412) 227-0763

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

                 _____     Date: June ___, 2016
                 Kurt A. Miller, Esq.
                 CLARK HILL PLC
                 One Oxford Centre
                 301 Grant Street, 14th Floor
                 Pittsburgh, PA  15219
                 (412) 394-2363

13

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _____ Date: June ___, 2016

Todd Bennett

_____ Date: June ___, 2016

Felix Alvarado

**DEFENDANT:** _____ Date: June 21, 2016

SILVER CREEK SERVICES, INC.

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____ Date: June 21, 2016

Joseph H. Chivers, Esq.
THE EMPLOYMENT RIGHTS GROUP
100 First Ave., Suite 650
Pittsburgh, PA 15222
(412) 227-0763

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: June 21, 2016

Kurt A. Miller, Esq.
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
(412) 394-2363

13

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------   x

**TODD BENNETT, on behalf of**                 :
**himself and similarly situated**             :
**employees,**                                 :
                                               :
*Plaintiff,*                                   :        **Civil Action No. 1:15-273**
                                               :
v.                                             :        **Filed Electronically**
                                               :
**SILVER CREEK SERVICES, INC.,**               :
                                               :
*Defendant.*                                   :

---------------------------------------------   x

## NOTICE OF CLASS ACTION SETTLEMENT

TO:     [Class Member Name]
        [Address]
        [Address]
        [Email Address]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because the records of Silver Creek Services, Inc. ("Silver Creek") show that you performed field worker services for Silver Creek between May 1, 2014, and June 30, 2015. Because you fit this definition, **you are entitled to receive money from a Settlement in this case, as described below**.

All questions or inquiries regarding this Notice and the Settlement should be directed to the attorneys at The Employment Rights Group. That law firm has been appointed as Class Counsel in this case. Their contact information is:

The Employment Rights Group
100 First Avenue, Suite 650
Pittsburgh, PA 15222
(412) 227-0763

The United States District Court for the Western District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2016, at _____, before the Honorable Barbara J. Rothstein of the United States

District Court for the Western District of Pennsylvania, in Courtroom ___, 17 South Park Row, Erie, PA 16501.

### 1.    Why You Should Read This Notice.

If the Court approves the Settlement, you are entitled to receive money in connection with the Settlement of this lawsuit. This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") from the Settlement, or object to the Settlement.

### 2.    What Is This Case About?

This lawsuit alleges that, between May 1, 2014 (the date Defendant commenced operations), and June 30, 2015, field workers employed by Silver Creek Services, Inc., were not paid overtime compensation, in violation of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA). Plaintiff Todd Bennett brought this lawsuit to recover the overtime compensation allegedly owed to all field workers who worked for Silver Creek between May 1, 2014, and June 30, 2015. The parties have been litigating this case for several months, and on April 21, 2016, the parties reached a Settlement in this lawsuit. You are covered by the Settlement.

### 3.    How Much Money Will I Receive if I Participate in the Settlement?

Silver Creek has agreed to pay $225,000.00 to settle this lawsuit. Silver Creek does not admit any wrongdoing. Deductions from this amount will be made for attorneys' fees and costs for Class Counsel (see below) and service awards totaling $12,500 for the Plaintiffs who pursued the lawsuit on behalf of the Settlement Class. After deducting these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Putative Class Members who do not exclude themselves by opting out of the Settlement ("Eligible Class Members").

Under the terms of the Settlement Agreement, your estimated settlement payment will be $[**Settlement Award**] (less applicable taxes and withholdings). All Settlement Award determinations are based on Silver Creek's personnel and payroll records. Using those records, your "Gross Settlement Award" was calculated as follows:

- Eligible Class Members who worked for Silver Creek between May 1, 2014, and June 30, 2015, and who do not exclude themselves from the Settlement shall receive $543.79 for each FLSA/PMWA OT Workweek between May 1, 2014, and June 30, 2015. The term "FLSA/PMWA OT Workweeks" is defined in the Settlement Agreement and is based on the number of weeks you worked for Silver Creek during the applicable statute of limitations period.

If you choose to participate in this Settlement (*i.e.*, if you <u>do not exclude yourself</u> from the Settlement), half of your Settlement Award will be paid as back wages, and the other half will be paid as liquidated damages. Silver Creek will deduct applicable employee payroll taxes and

withholdings from the portion of the Settlement Award attributable to back wages, but Silver Creek will not deduct any taxes or withholdings from the portion of the Settlement Award attributable to liquidated damages, and you will be solely responsible for the payment of all taxes associated with those liquidated damages. If you have any questions about the proper tax treatment of the Settlement Award, you should consult with an attorney or tax advisor.

If you receive a Settlement Award, you will have 180 days to cash the check. If you do not cash the check within 180 days, the check will be canceled and you will waive your right to receive a Settlement Award.

| 4. | **What Do I Give Up?** |

In exchange for obtaining a Settlement Award, each Eligible Class Member agrees to release and forever discharge Silver Creek and the other Releasees (as defined in the Settlement Agreement) from any and all claims, obligations, causes of action, and liabilities that were asserted or could have been asserted against Releasees in this lawsuit based on Defendant's alleged non-payment of overtime wages under the FLSA and PMWA between through the date of final Court approval of the Settlement.

This release applies only to Putative Class Members who do not exclude themselves from the Settlement. If you exclude yourself from the Settlement in accordance with Section 6 below, you will not be bound by the release, but you also will not receive a Settlement Award.

| 5. | **How Can I Receive a Settlement Payment?** |

**You do not need to return any paperwork to be entitled to receive your Settlement Award. So long as the Court grants final approval to the Settlement, and so long as you <u>do not exclude yourself</u> from the Settlement, you will be entitled to receive the Settlement Award set forth above (less applicable taxes).**

| 6. | **How Do I Exclude Myself from the Settlement?** |

If you **DO NOT** want to participate in this Settlement, you may exclude yourself (i.e., "opt-out") by completing the attached Exclusion Form. The Exclusion Form must be signed, dated, completed in its entirety, and returned by registered or certified mail to:

Silver Creek Overtime Lawsuit
c/o Joseph H. Chivers, Esquire
THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA 15222

The Exclusion Form must be postmarked no later than [Notice Deadline]. If you submit an Exclusion Form that is postmarked after [Notice Deadline], your Exclusion Form will be rejected, and you will be bound by the Release and all other terms of the Settlement.

Any person who files a complete and timely Exclusion Form shall be barred from participating in any portion of the Settlement and shall receive no benefits from the Settlement. Any such person, at their own expense, may pursue individually any claims he or she may have against Silver Creek. If you wish to exclude yourself and wish to pursue an individual action, you should know there are time limits on your right to file any such individual action.

| 7. | **How Do I Object to the Settlement?** |
|---|---|

Before final approval by the Court, you may object to the Settlement if, for any reason, you believe it should not be approved by the Court. If the Court rejects your objection, you will still be bound by the terms of the Settlement. No person who requests to be excluded from the Settlement by submitting an Exclusion Form shall have a right to object to the Settlement.

To object to the Settlement, you must file a written objection with the Clerk of Court at the United States Courthouse, 17 South Park Row, Erie, PA 16501. You also must send copies of your written objection to the following addresses via registered or certified mail:

CLASS COUNSEL:
Joseph H. Chivers
THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA 15222

DEFENSE COUNSEL:
Kurt A. Miller
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219

Any written objection must state that it is being filed in the above-captioned action (*Todd Bennett, et al. v. Silver Creek Services, Inc.*, Case No. 1:15-273 BR), and state the specific reasons in support of your objection and any legal support for each objection. Your objection also must state: (i) your full name, (ii) current address, and (iii) telephone number. **To be valid and effective, any objections you file with the Court, and send to Class Counsel and the Defense Counsel, must be postmarked no later than [Notice Deadline].**

If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. The Final Approval Hearing will take place on _____, 2016, at _____, before Judge Barbara J. Rothstein of the United States District Court for the Western District of Pennsylvania, in Courtroom _____, 17 South Park Row, Erie, PA 16501. Your written objection must state whether you will attend the Final Approval Hearing, and your written notice of your intention to appear at the Final Approval Hearing must be filed with the Court and served upon Class Counsel and Defense Counsel on or before [Notice Deadline].

If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of

4

mailing to Class Counsel and Defense Counsel shall be the exclusive means for determining whether an objection is timely mailed to counsel.

| 8. | Is Silver Creek Permitted to Retaliate Against Me for Participating in this Lawsuit? |

No.  If you are a current employee of Silver Creek, your decision as to whether or not to participate in this lawsuit will in no way affect your employment with Silver Creek.  It is illegal for Silver Creek to take any adverse employment action against you as a result of your participation in this Lawsuit.

| 9. | Do I Have an Attorney in this Case? |

The Court has designated the following law firm to serve as "Class Counsel" and represent the interests of the Class Members:  The Employment Rights Group, 100 First Avenue, Suite 650, Pittsburgh, PA 15222.  The phone number is (412) 227-0763.

Lawyers from this firm are available to answer your questions in strict confidence. If you call Class Counsel, please identify yourself as a Class Member in the "Silver Creek Overtime Lawsuit" and ask to speak with one of the attorneys working on the case.

| 10. | How Will the Attorneys for the Settlement Class Be Paid? |

Class Counsel will be paid from the gross settlement amount of $225,000.  You do not have to pay the attorneys who represent the Settlement Class.  The Settlement Agreement provides that Class Counsel will receive attorneys' fees and costs up to $61,000.  Class Counsel will petition the Court for an award of attorneys' fees and costs.  The Court will determine the amount of fees and costs at the Final Approval Hearing.

| 11. | Additional Information |

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel at the phone number printed above.  When you contact Class Counsel, please reference the Silver Creek Overtime Lawsuit.

This Notice only summarizes the Lawsuit, the Settlement, and related matters.   For more information, you may inspect the Court files at the Office of the Clerk of the United States District Court, located at 17 South Park Row, Erie, PA 16501, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**PLEASE DO NOT CONTACT THE COURT.**

# EXHIBIT  2

## EXCLUSION FORM

*Todd Bennett, et al. v. Silver Creek Services, Inc.,* Case No. 1:15-273 BR

To exclude yourself from the Settlement and <u>NOT</u> receive your share of the Settlement, you must sign and return this Exclusion Form postmarked no later than [Notice Deadline].  This form must be mailed by registered or certified mail to the below address:

Silver Creek Overtime Lawsuit
c/o Joseph H. Chivers, Esquire
THE EMPLOYMENT RIGHTS GROUP
100 First Avenue, Suite 650
Pittsburgh, PA 15222

BY SUBMITTING THIS FORM, I CONFIRM THAT I HAVE DECIDED <u>NOT</u> TO PARTICIPATE IN THIS SETTLEMENT AND <u>NOT</u> TO BE INCLUDED AS A CLASS MEMBER IN THIS ACTION.  I UNDERSTAND THAT I WILL RECEIVE <u>NO MONEY</u> FROM THIS SETTLEMENT IF I SUBMIT THIS FORM.

I confirm that I was employed by Silver Creek Services, Inc. (Silver Creek) and performed services as a field worker for Silver Creek at some time between May 1, 2014, and June 30, 2015.

I affirm that I have read the Notice of Class Action Settlement distributed in connection with the Settlement of *Todd Bennett, et al. v. Silver Creek Services, Inc.,* Case No. 1:15-273 BR.

I affirm that I have decided to exclude myself from the Settlement Class and the Settlement.  I understand that I am eligible to receive a monetary payment in connection with this Settlement, and I further understand that, upon returning this form, **I WILL NOT RECEIVE A MONETARY PAYMENT IN CONNECTION WITH THIS SETTLEMENT.**

Name:

_____

Address:

_____

City: _____ State: _____ Zip Code: _____

Phone No.:  ( __ __ __ ) __ __ __ - __ __ __ __

_____                          _____
        DATE                                                             SIGNATURE

**YOU SHOULD ONLY COMPLETE THIS FORM IF YOU <u>DO NOT</u> WANT TO PARTICIPATE IN THIS SETTLEMENT**

# **EXHIBIT 3**

## Silver Creek Services, Inc.
## Employee List

| Employee | Hire Date | End Date | Active Days | Full Work Week | Partial Work Week |
|---|---|---|---|---|---|
| Alvarado, Felix | 08/19/2014 | 5/31/2015 | 285 | 24 | 10 |
| Bennett, Todd | 07/30/2014 | 5/31/2015 | 305 | 23 | 16 |
| Brown, Robert | 03/18/2015 | 5/31/2015 | 74 | 4 | 4 |
| Butler, Jonathon | 08/07/2014 | 5/31/2015 | 297 | 21 | 14 |
| Calvert, Michael S. | 11/08/2014 | 5/31/2015 | 204 | 24 | 12 |
| Chandler, Deke | 11/19/2014 | 5/31/2015 | 193 | 13 | 14 |
| Cunningham, Stephen A. | 06/23/2014 | 5/31/2015 | 342 | 20 | 14 |
| Fessler, Trevor | 04/06/2015 | 5/31/2015 | 55 | 4 | 3 |
| Gooden, Russell R. | 05/20/2015 | 5/31/2015 | 11 | 1 | 1 |
| Graham, Austin | 09/18/2014 | 02/27/2015 | 162 | 11 | 2 |
| Hendricks, Curtis R. | 03/03/2015 | 5/31/2015 | 89 | 4 | 10 |
| Howard, Brock A. | 03/05/2015 | 5/31/2015 | 87 | 9 | 4 |
| Hulsizer III, Robert L. | 03/03/2015 | 5/31/2015 | 89 | 7 | 6 |
| Johnson, Daniel J. | 03/03/2015 | 5/31/2015 | 89 | 6 | 7 |
| Keen, Jeremy S. | 07/08/2014 | 06/01/2015 | 328 | 23 | 13 |
| Lagana, Kevin | 07/17/2014 | 04/01/2015 | 258 | 17 | 10 |
| Lewis, Kelly R. | 07/30/2014 | 11/14/2014 | 107 | 4 | 0 |
| Lewis, Ryan M. | 07/08/2014 | 5/31/2015 | 327 | 26 | 15 |
| McGhee, Edward W. | 03/03/2015 | 5/31/2015 | 89 | 4 | 10 |
| McNeel, Connor | 07/11/2014 | 5/31/2015 | 324 | 26 | 9 |
| Morgenstern, Donald P. | 06/25/2014 | 5/31/2015 | 340 | 24 | 18 |
| Piesciuk, Zachary | 03/18/2015 | 5/31/2015 | 74 | 7 | 2 |
| Salada, Lewis E. | 09/29/2014 | 10/15/2014 | 16 | 2 | 1 |
| Service, Justin M. | 07/30/2014 | 5/31/2015 | 305 | 27 | 13 |
| Vaea, Tali | 01/13/2015 | 5/31/2015 | 138 | 12 | 8 |
| Vaea, Tevita | 09/18/2014 | 5/31/2015 | 255 | 24 | 11 |
| Wright, Wesley | 03/18/2015 | 5/31/2015 | 74 | 5 | 3 |
| Yow, Tony | 07/30/2014 | 5/31/2015 | 305 | 26 | 5 |

204512361